# In the United States Court of Federal Claims

No. 11-740C
(Filed November 8, 2011)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                          *
CBY DESIGN BUILDERS,                      *
                                          *
                 Plaintiff,               *
                                          *
       v.                                 *
                                          *
THE UNITED STATES,                        *
                                          *
                 Defendant,               *
                                          *
BECHTEL INFRASTRUCTURE GROUP,             *
                                          *
       and                                *
                                          *
PCCP CONSTRUCTORS,                        *
                                          *
                 Defendant-Intervenors.   *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

The Court has reviewed defendant's unopposed motion for a protective order. The government has requested that the sample protective order, Form 8 in the Appendix of Forms to the Rules of the United States Court of Federal Claims, be modified in paragraphs 2, 7, 12, and 20. Plaintiff has requested additional modifications to paragraphs 7 and 13, to which the other parties have consented.

The one proposed modification that the Court views with some concern is the change to paragraph 2. The government proposes that it be freed from the customary restriction that protected information may be used solely for the purposes of the bid protest litigation. Defendant contends that the restriction is justified for private parties to prevent them from using other parties' proprietary information for their own competitive advantage, and that no similar problem exists for government employees. It also argues that the restriction would improperly interfere with federal employees' responsibilities to report other federal wrongdoers or "disclose waste, fraud, abuse, and corruption." 5 C.F.R. § 2635.101(b)(1); *see* Def.'s Mot. at 2 (citing 28 U.S.C. § 535(b) and 5 C.F.R. § 2635.101(b)(1)). And it maintains that the client agency might usefully employ protected information in other decisions, and that the Department of Justice

could more easily maintain consistent litigation positions if its attorneys could review old briefs containing protected information.  *Id*. at 2-3.

  The Court does not find the reasons advanced to support the requested modification to be particularly persuasive.  The Federal Acquisition Regulation ("FAR") prohibits unauthorized disclosure of protected information, while providing for the accommodation of "proper request[s]" from federal agencies.  48 C.F.R. § 3.104-4(f)(1).[1]  No mention is made of the proactive use of this information to report crimes, fraud, and the like --- so if defendant believes the sample form's language might be "considered void as a matter of public policy," Def.'s Mot. at 2, it might profitably spend its time amending the FAR.  It seems to the Court that if any legitimate law enforcement-related use of protected information were to arise, an application for leave to disclose the information for that particular purpose could be filed with the Court.  As for use by the agency, this protected information is already in its hands by means other than the litigation, and in that form can be used consistent with the rules and regulations pertaining to that information.  *See*, *e.g.*, 48 C.F.R. § 3.104-4(f)(3).  And while Department of Justice attorneys might more easily understand the government's previous litigation positions if they were allowed to review old unredacted briefs, the same holds for attorneys in private practice --- who would often better understand our court's bid protest opinions if protected information were not redacted.  The government is in this regard proposing an uneven playing field of sorts.

  Despite these concerns, the Court concludes that counsel for the parties whose protected information is open to unlimited government use are in the best position to safeguard the interests of their clients.  Since none of the other parties opposes this or any of the proposed modifications, under these circumstances the Court **GRANTS** the government's motion.  The protective order will be issued separately.

**IT IS SO ORDERED.**

                s/ Victor J. Wolski
                **VICTOR J. WOLSKI**
                Judge

---

[1] Of course, authorized disclosure, pursuant to "applicable agency regulations or procedures," is permitted under the FAR.  48 C.F.R. § 3.104-4(a).  Assuming that the Department of Justice and other agencies or offices involved with the litigation have adopted regulations and procedures governing the disclosure of non-public information, the use of similar language in paragraph 2 might allay any fears of the unfettered use of protected information by federal employees.